NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
Pearl Young

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEARL YOUNG, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CLIENT SERVICES, INC.,<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Pearl Young ("Plaintiff"), hereby alleges:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA").

**JURISDICTION AND VENUE**

2.	This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3.	Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4.	Plaintiff is a natural person, who at all relevant times has resided in Victorville, San Bernardino County, California. Plaintiff is both a natural person and a consumer.

5.	Client Services, Inc. (hereinafter "Defendant") is a corporation doing business in the State of California, with its corporate address as 3451 Harry S. Truman Blvd. St. Charles, Missouri 63301. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

**FACTUAL STATEMENT**

6.	Plaintiff allegedly incurred a personal debt through the use of her Capital One credit card.

7.	According to Defendant, the debt was charged off with a balance of $343.37.

8.	On August 17, 2020, in attempt to collect said debt, Defendant sent Plaintiff an initial dunning letter with the following pieces of information:

| | |
|---|---|
| Balance Due At Charge-Off: | $343.37 |
| Interest Since Charge-Off: | $50.61 |
| Other Charges Since Charge-Off: | $109.29 |
| Payments Made Since Charge-Off: | $0.00 |
| Balance Due: | $343.37 |

9.	The letter at issue is deceptive, misleading, and fails to portray the true amount of the debt.

10.     The letter is clearly open to multiple interpretations as to the balance owed. On the one hand, the letter appears to seek interest and other charges by listing specific balance amounts within the debt breakdown. This would increase the debt beyond that which was allegedly owed at the time of charge off.

11.     On the other hand, the letter seems to seek the same balance at the time the debt was charged off.

12.     These conflicting interpretations are confusing to the least sophisticated consumer. Notably, the fact that the balance due appears to be the same balance due at the time of charge off does not aid the consumer's understanding because the consumer is more likely to disregard this and believe it is a typo given the specific delineation of interest and other charges accruing.

13.     The letter is also confusing because the letter does not clearly explain whether interest or other charges are in fact accruing or not. It would appear from the letter that these fees are rising given their delineation and specific accrual. However, upon information and belief, interest and fees are not rising. Therefore, the consumer is led into a false sense of urgency to pay the debt to prevent the balance from rising.

14.     Alternatively, if interest and other charges are accruing, the letter is confusing because one reasonable interpretation is that these fees are not accruing given that the balance remains the same.

15.     In the same vein, the consumer is not left with a clear understanding of what amount would satisfy the debt at any moment in the future given the rise in interest and other charges.

16.     Ultimately, the letter is a center of confusion with multiple varying interpretations.

17.     Therefore, the letter violates the FDCPA.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 USC § 1692 *et seq.***

18.     Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs

above and incorporates them as if set forth specifically herein.

19.     Defendant's false and deceptive representations violated 15 USC § 1692e, e(2), and e(10).

20.     Defendant's actions were knowing and willful.

21.     As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is

entitled to relief.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,**
**CALIFORNIA CIVIL CODE §§ 1788.17**

22.     Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs

above and incorporates them as if set forth specifically herein.

23.     Defendant has engaged in harassing conduct against Plaintiff in violation of 15 USC §

1692e.

24.     The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector

(Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections

1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of

the United States Code."

25.     Accordingly, Defendant's conduct violates the Rosenthal Act.

26.     Defendant's actions were knowing and willful.

27.     As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is

entitled to relief.

28.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

29.     Plaintiff seeks certification of the following class, initially defined as follows:

> **Class: All consumers with a California address that received similar collection letters from Defendant which list charges and interest as accruing when they are not, concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

30.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

31.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout California, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

34.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether

the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

35.     The Plaintiff's claims are typical of the claims of the class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common  uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

36.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

37.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## Proceeding Via Class Action is Superior and Advisable

38.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

39.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

40.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

41.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

43.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

44.     Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

45.     Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

1

WHEREFORE, Plaintiff respectfully requests that this Court do the following:

2   A.   Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and

3   Plaintiffs' Counsel as Lead Counsel;

4

5   B.   Enter judgment against Client Services for statutory damages;

6   C.   Award costs and reasonable attorneys' fees;

7

8   D.   Grant such other and further relief as may be just and proper.

9

10

11                          **JURY TRIAL DEMAND**

12   46. Plaintiff demands a jury trial on all issues so triable.

13

14

15   Dated: August 27, 2020

16                                    /s/ *Neda Farah_____*

17                                    NEDA FARAH S.B.N. 269819
                                      FARAH LAW, P.C.
18                                    8383 Wilshire Blvd, Suite 510
                                      Beverly Hills, CA 90211
19                                    310-666-3786 / 775-261-1726
                                      neda@nedafarahlaw.com
20                                    Attorney for Plaintiff,
                                      Pearl Young

21

22

23

24

25